UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **DAWNELL BATES,** *Plaintiff* | § § § |
| v. | §  No. 1:25-CV-00003-DII § |
| **LOUIS DE JOY, POSTMASTER GENERAL, U.S. POSTAL SERVICE,** *Defendant* | § § § § § |

### ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Dawnell Bates's Application to Proceed *In Forma Pauperis*. Dkt. 2. Because Bates is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of her claim pursuant to 28 U.S.C. § 1915(e).

### I.   REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Bates's financial affidavit and determined she is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby GRANTS Bates's request for *in forma pauperis* status, Dkt. 2. The Clerk

1

of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Bates is further advised that, although she has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending Bates's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendant should be withheld pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II.     REVIEW OF THE MERITS OF THE CLAIM

Because Bates has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review her complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A

claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Bates indicates in her complaint that she brings one claim of employment discrimination in violation of Title VII of the Civil Rights Act of 1964 against Louis DeJoy, Postmaster General of the United States Postal Service. Dkt. 1, at 1-2. Bates did not elaborate on her claim but rather attached to her complaint a Notice of Right to Sue from the Equal Employment Opportunity Commission, as well as nearly 50 pages of exhibits. Dkts. 1, 1-1; 1-2. Bates, a Black woman, alleges that a White colleague, Amy Selvera, verbally harassed and attempted to assault her at work and that management's response to Selvera's actions was insufficient to assure Bates a safe working environment. Dkt. 1-2, at 1-2, 6, 11-15, 21, 28-29. Bates does not allege that Selvera's harassment was motivated by race or color, though she does allege that when her supervisor "thought [Bates], a [B]lack woman, was harassing a [W]hite woman she came out and did an investigation, but refused to do the same for me." Dkt. 1-2, at 2.

To state an employment-discrimination claim under Title VII, a plaintiff must plead that: "(1) [s]he is a member of a protected class, (2) [s]he was qualified for the

3

position at issue, (3) [s]he was the subject of an adverse employment action, and (4) [s]he was treated less favorably because of h[er] membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances." *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009). After a thorough review of the exhibits attached to Bates's complaint, the undersigned finds that she has failed to sufficiently plead a claim for employment discrimination in violation of Title VII.

Specifically, Bates failed to plead that she was qualified for her job as a rural mail carrier or subject to an adverse employment action because of her membership in a protected class. *See* Dkt. 1-2. Nowhere in her complaint or attachments does Bates allege or include information supporting the reasonable inference that she was qualified for her job as a rural mail carrier or suffered an adverse employment action because of her membership in a protected class. *See* Dkts. 1; 1-1; 1-2; *Hamilton v. Dall. Cnty.*, 79 F.4th 494, 506 (5th Cir. 2023) (holding that "adverse employment action" requires plaintiff to plead that she was discriminated against "with respect to hiring, firing, compensation, or the 'terms, conditions, or privileges of employment'"); *United States v. Marlin Med. Sols. LLC*, 579 F. Supp. 3d 876, 883 (W.D. Tex. 2022) ("A well-pleaded complaint must include allegations 'respecting all the material elements necessary to sustain recovery under *some* viable legal theory.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (emphasis in original)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 570)). [1] Accordingly, the undersigned recommends that the District Judge dismiss Bates's claim.

### III.     ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Bates's Application to Proceed *In Forma Pauperis*. Dkt 2. The undersigned **RECOMMENDS** the District Judge **DISMISS** Bates's cause of action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and **DISMISS AS MOOT** Bates's remaining pending motion for appointment of counsel.

The referral of this case to the Magistrate Judge should now be canceled.

### IV.     WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by

---

[1] To the extent Bates intended to bring a hostile-work-environment claim under Title VII, she failed to allege that any of Selvera's harassment "was based on a protected class," such as Bates's race or color. *See* Dkts. 1, 1-1, 1-2; *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) ("The plaintiff must establish the following elements of a hostile working environment claim: (1) that [s]he belongs to a protected class; (2) [s]he was subject to unwelcome harassment; (3) the harassment was based on the protected status; (4) that the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.").

the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED January 21, 2025.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE